**Robert Lee ABNEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17819.**

Court of Criminal Appeals of Oklahoma.

March 13, 1973.

Don Anderson, Public Defender, Oklahoma County, and Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Robert Lee Abney, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–71–2965, for the offense of Assault With a Deadly Weapon With Intent to Kill. His punishment was fixed at twenty (20) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Roberta Gale Arthurs, the defendant's daughter, testified that at approximately 2:45 p. m. on December 11, 1971 the defendant came to her sister's house and asked her mother to go to the store with him to get some groceries. She

refused to accompany the defendant and the defendant stated that if she and the family would meet him at Stockton's Reding Shopping Center he would give them some money to buy groceries. She, her two sisters, her little brother and her mother drove to Stockton's, arriving at approximately 4:45 p. m. They parked their vehicle in the aisle next to the defendant's car. The defendant stayed in his car approximately five to ten minutes before he came up to their car. He gave her Twenty Dollars ($20.00) and told her mother that he was going to the Army and asked her if there was anything she wanted to say. Her mother replied, "No." Defendant asked her mother to get out of the car and talk to him for a couple of hours and when she refused, he produced a gun and asked her if "that would change her mind." She and her mother got out of the car and she got between the defendant and her mother. She told her mother to run and the defendant shot her as she was running away. Her mother fell face down and she ran to her. She heard several more shots fired but did not know how many. The defendant then shot himself twice in the chest and fell to the ground. Someone said the police were coming and he picked the gun up, ran to his car and drove off.

Virginia Abney testified that she was married to the defendant and that they had five children. On the afternoon in question, the defendant came to her daughter's house and asked her to go with him to buy some groceries. She refused because she was "afraid of him." She and the children went to the Reding Shopping Center to meet the defendant. The defendant handed Roberta the money, pointed a gun at her and subsequently shot her in three different places. She testified as to prior marital difficulties. In February or March of 1970, the defendant forced her to accompany him by threatening her with a gun. The defendant kept her all day long and told her he was going to kill her. She subsequently talked the defendant out of shooting her. She testified that on another occasion she had him committed to the State Hospital at Norman.

Debbie Elaine Keith testified that she drove her mother, her sisters and her brother to the shopping center. The defendant came up to her car, handed Roberta some money and asked her mother to go with him. He then stuck a gun in the window and asked if that would convince her to go with him. She ran to call the police and upon returning observed her mother lying on the ground.

Paula Abney, fourteen years of age, testified that she was with the family at the shopping center. The defendant pulled the gun, pointed it at her mother and subsequently shot her.

Virginia O'Donley testified that she was in the parking lot of the Reding Shopping Center on the afternoon in question. As she started to get out of her car, she heard a woman screaming to call the police. She observed a man with a gun in his hand who turned toward her and said, "No, lady, don't." She got back into her car and closed the door. An older woman started to run east from the car and the man ran after her and started shooting. The woman fell behind the cars.

Dale Wise testified that he was coming out of a drug store in the shopping center on the afternoon in question when he observed a scuffle between a man and two women. The older woman ran and a person, whom he identified in court as the defendant, ran after her, firing one shot. The woman fell to the ground and the defendant fired two more shots as she was lying on the ground. He returned to the drug store and requested that the police be called. He ran back out to the parking lot to see if he could render some type of aid and observed that the defendant was lying on the ground. The defendant got up, pointed a gun at him and told him not to come any closer. The defendant staggered to his car and drove away.

Officer Bond testified that he was called to the scene of a one-car accident on the

afternoon in question at 44th and Black-welder.

Officer Jerry James testified that he found a .22-caliber revolver lying on the ground under the car involved in the accident at 44th and Blackwelder.

Officer Snider testified that he observed the defendant lying beside the vehicle involved in the accident.

Dr. Donaldson, a neurosurgeon, testified that he examined Virginia Abney at the University Hospital. She had multiple gunshot wounds about the face and the back of her neck. The gunshot wound in the back severed her spinal cord in half. In his opinion, she would probably remain paralyzed.

The defendant testified that he was forty-three years old, had been married twenty-one years and had five children. His wife had filed for divorce five different times and each time they had reconciled. He testified that his oldest daughter, Roberta, was "always stirring up trouble between me and my wife." (Tr. 180) On prior occasions, some friends of Roberta's who drove Corvettes had harrassed and threatened him. He carried the pistol to protect himself from Roberta's friends. As he drove into the parking lot of the shopping center he observed two Corvettes. He parked in the lot and placed the pistol in his belt. Approximately fifteen minutes later, his family arrived. He walked up to the car and gave Roberta the money. He asked if he could take the children into the store and buy them some Christmas presents. Roberta started "cussing, hollering and raising cane." He observed the blue Corvette pull around and he put his hand on the gun in his belt. Roberta grabbed for the gun and it discharged. He felt a sting in his chest and the next thing he remembered was staggering to his car.

The defendant asserts two propositions, that the verdict is excessive appearing to have been given under the influence of passion and prejudice and "errors of law occurring at the trial." We have carefully examined each of the asserted errors of law and are of the opinion that the same do not constitute fundamental error. The defendant candidly concedes that the evidence was sufficient to support the verdict of the jury but that the prosecution "over tried" their case by putting on cumulative evidence which served no purpose except to inflame and impassion the jury in order that they might assess the maximum punishment. We need only observe that each of the State's witnesses were competent witnesses and that their testimony was properly admitted. The punishment assessed by the jury was within the range provided by law and does not, under the circumstances, shock the conscience of this Court. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.